**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | * | |
| VS. | * | NO: 4:03CR00155 SWW |
| | * | |
| | * | |
| | * | |
| DEMARIO A. HOWARD | * | |

**ORDER**

On October 31, 2006, the Eighth Circuit issued an opinion remanding this case for re-sentencing, stating in part as follows: "The United States agrees that plain error occurred because the judge's oral pronouncement of the sentence is not the sentence imposed in fact, and thus supports Howard's appeal." *U.S. v. Howard,* 2006 WL 3147476, *1 (8th Cir. Oct. 31, 2006)(per curiam).

In accordance with the Eighth Circuit's mandate, received by this Court on November 27, 2006, the Court will promptly schedule a hearing for re-sentencing. However, because the Eighth Circuit received an inaccurate account and interpretation of this Court's oral pronouncement of the sentence, the Court finds it necessary to provide the following information.

On March 10, 2004, a jury convicted Defendant Demario A. Howard ("Howard") of two counts of possession of marijuana with intent to distribute, set forth in Counts 1 and 2 of the

Indictment, and one count of brandishing a firearm, set forth in Count 3 of the Indictment. On September 1, 2004, the Court sentenced Howard to 99 months imprisonment, in accordance with the United States Sentencing Guidelines ("USSG").

In determining Howard's 99-month sentence, the Court made a factual finding, by a preponderance of the evidence, regarding drug quantity. At the time of Howard's sentencing, the United States Supreme Court had granted certiorari in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004) , *cert. granted*, 125 S. Ct. 11 (U.S. Aug. 2, 2004) (No. 04-104), and the constitutionality of USSG provisions requiring a judge to impose a sentence based on the judge's findings of fact was uncertain. Accordingly, this Court provided two alternative sentences–one that would apply if the USSG were unconstitutional in their entirety, and another that would apply if the USSG were ruled only partially unconstitutional. *See* docket entry #50. In Howard's case, both alternative sentences carried the same sentence–2 months of imprisonment on Counts 1 and 2, to be served concurrently, and 84 months on Count 3.

During the sentencing hearing, the Court made clear that for the purpose of the "sentence imposed" the Court would assume that the Sentencing Guidelines were constitutional, and the Court advised Howard of his right to appeal the sentence imposed. *See* docket entry #57, Transcript of Sentencing Hearing at 10, 17. Furthermore, the Court instructed Howard's counsel, Darrell F. Brown, as follows:

> Court:       So what you need to do is just appeal the sentence I imposed in total--
> Mr. Brown:   Right.
> Court:       that what I've done is–for your client is unconstitutional or in error.
> Mr. Brown:   I–I understand.
> Court:       Because I have done the judicial fact finding on it.
> Mr. Brown:   I understand.

Docket entry #69, at 2.

Howard appealed his conviction, arguing insufficient evidence. On January 12, 2005, while Howard's appeal was pending, the Supreme Court handed down its opinion in *Booker*.[1] If Howard had timely appealed his sentence, the Eighth Circuit would have reviewed his sentence in light of the new rule announced *Booker*. Howard did not, however, appeal his sentence. On October 31, 2005, the Eighth Circuit affirmed Howard's conviction. *See United States v. Howard*, 427 F.3d 554 (8th Cir. 2005).

On December 2, 2005, Howard filed a motion requesting that the Court change his sentence to the first, alternative sentence announced at the sentencing hearing. In support of his motion, Howard stated that he was not aware, until after his imprisonment, that his "written sentence" provides that he is sentenced for a term of 99 months. In an order denying Howard's motion, the Court stated:

> The alternative sentences provided in this case are not automatic or self-executing. They were provided in an effort to eliminate the need for a new sentencing hearing in the event that the sentence actually imposed was overturned on appeal. Defendant did not appeal his sentence, and the Court has no basis on which to modify his sentence.

Howard appealed the Court's ruling, and the United States supported the appeal, asserting that under plain error review, it would be "patently unfair" to deny Howard's motion

---

[1] In *Booker*, the Supreme Court held that provisions of the United States Sentencing Guidelines violate the Sixth Amendment by requiring a judge to impose a sentence based on the judge's findings of fact, not facts found by a jury or admitted by the defendant. *Booker*, 125 S. Ct. at 749. The *Booker* Court further held that the constitutional portions of the guidelines could not be saved by severing them from those that violate the Sixth Amendment. *Booker*, 125 S. Ct. 757, 767. The Court declared the guidelines to be "effectively advisory" but stated that district courts must consult the Guidelines and take them into account when sentencing. *Id.*

for re-sentencing.  Brief for Appellee at 5, *United States v. Howard,* 2006 WL 3147476, *1 (October 31, 2006)(No. 06-2281).

In a brief submitted to the Eighth Circuit by Assistant United States Attorney Jeffrey P. LaVicka, the United States asserted that the alternate sentences imposed by this Court "obviated the need to appeal the sentence."  Brief for Appellee at 4, *United States v. Howard,* 2006 WL 3147476, *1 (October 31, 2006)(No. 06-2281).  The United States reported that "it was not until after the court denied Howard's motion to correct his sentence, following *Booker*, that the [district] court made clear to the parties that the alternate sentences were not self-executing[,] " and "[h]ad the parties known that the alternate sentences were not self-executing, then Howard surely would have appealed his sentence."  *Id*.

The United States appended three pages of the thirty-five page sentencing transcript to its appellate brief.  However, the United States' appendix did not include the portions of the transcript that contain the Court's clear instruction to Howard that he should appeal his sentence on the ground that the Court made findings of fact in arriving at the sentence imposed.  As such, the United States, through Mr. LaVicka, clearly mischaracterized the record before the Eighth Circuit.  Whether this mischaracterization was deliberate or the result of neglect, however, is not at this time known.  In any case, the Court will schedule a hearing for re-sentencing as instructed by the Eighth Circuit.

IT IS THEREFORE ORDERED that pursuant to the Eighth Circuit's mandate, this case will be rescheduled for re-sentencing under a separate order.

DATED THIS 27TH DAY OF NOVEMBER, 2006.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE